# Barnett, Appellant, v. Yeadon Borough.

*Road law—Borough—Discretion of borough authorities—Plan—Evidence—Damages.*

Where borough authorities are vested with a discretion to open and grade a street, and it appears that the street was regularly opened and graded, an abutting owner has no standing to inquire what influences lead the borough authorities to open and grade the street.

In a proceeding against a borough for damages for opening and grading a street, where the plaintiff has made a claim to extravagant damages based upon the cost of filling up the land to the grade of the street, it is proper to permit the borough to show that the filling up would be a useless expenditure of money, and that the part of the property which the witnesses of the plaintiff thought ought to be filled up at an enormous expense was not worth as much as before the grading of the street, and would not be worth as much after the filling as the witnesses for the plaintiff had said it would cost to fill.

In a road case for damages against a borough where it appears that plaintiff's predecessor in title had laid out a plan of lots and streets, and had sold lots in accordance with the plan, and that the street in question was on the plan, it is not error to admit the plan in evidence.

In such a case where it appears that the opening and grading of a street had resulted in two fragments of a highway with a chasm over twenty feet deep through which a railroad passed, separating them, it is reversible error for the court to charge that "in considering damages, the jury must take into consideration the benefits to be derived from the opening of a street as a public highway, and thereby making communication practicable between the parts divided by the railroad."

Argued Nov. 20, 1907. Appeal, No. 110, Oct. T., 1907, by plaintiffs, from judgment of C. P. Delaware Co., Sept. T., 1899, No. 61, on verdict for plaintiffs in case of Grace Hoffman Barnett et al. v. Yeadon Borough. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ. Reversed.

Appeal from award of jury of view. Before Johnson, P. J.

At the trial the court refused under objection and exception evidence as to a borough ordinance, offered for the purpose of showing that Rockland avenue had been opened for the benefit of a street railway company. [1, 2]

When Samuel J. Cochran was on the stand he was asked this question:

"Q. How many lots were there—how many lots would be there of twenty-five feet front?"

Mr. Smith: This witness has already testified that in 1899 this property was solely usable for farming purposes, having an enhanced value speculatively, but it was not then used for building purposes. Now, in the face of that testimony to attempt to put on a value as based solely on building purposes is, of course, in flat contradiction of his prior testimony and absurd. I do not think he ought to be allowed to testify to it.

The Court: He says the value of $33,600 was because it might in the future be converted into building lots. That is the basis of the value. As farm land it would not be worth more than $100 an acre, probably. I do not see anything inconsistent in it.

Mr. Robinson: How many lots would that cut up twenty-five feet front?

Objected to by Mr. Smith for the reasons just stated. Objection overruled. Exception. [2]

"A. There are 185 feet front on the east side of Rockland avenue between Glenrock avenue and Grant street—there is a street comes in there—a Grant street. Q. That would be how many lots? A. According to the size you made that. Q. Each twenty-five feet front? A. There would be 185 feet in there, front. Q. What would those lots be estimated to be worth before the change of grade?"

Objected to by Mr. Smith. Objection overruled. Exception. [4]

"A. Before the change of grade there was no street there was there? but with Rockland avenue there. Q. Oh, yes, Rockland avenue would be there. A. Five or $6.00 a foot front. These lots could only have been 100 feet deep. With $5.00 or $6.00 a foot front in the condition it was there."

On the cross-examination of defendant's witness, Yarnall, this question was asked:

"Q. Has any provision been made in the borough of Yeadon for the bridge over that place at Rockland avenue?"

Mr. Robinson: I desire to object to this.

The Court: Objection sustained. Exception. [5]

Mr. Smith: I show you the minute and ordinance book of council and ask you to refer me to any provision that the borough has made for a bridge over the railroad at Rockland avenue.

Mr. Robinson: Objected to for the reason that it is irrelevant and immaterial.

The Court: It is not cross-examination. He has not been asked about the paper and inquired of about it. Exception. [6]

The court admitted in evidence the plan of Palermo, offered on behalf of the defendant. Exception. [7–9]

Defendant presented this point:

4. In considering the damages, the jury must take into consideration the benefits to be derived from the opening of Rockland avenue as a public highway, and thereby making communication practicable between the parts divided by the railroad. *Answer:* That is affirmed. I have said to you in the general charge you must take into consideration all the benefits that may be derived to this land by the opening of this street. [14]

Verdict and judgment for plaintiff for $1,240. Plaintiff appealed.

*Errors assigned* among others were (1–9) rulings on evidence, quoting the bill of exceptions; (14) above instructions, quoting them.

*Lewis Lawrence Smith,* for appellants, cited: Harris v. Railroad Co., 141 Pa. 242; Penna. Schuylkill V. R. R. Co. v. Cleary, 125 Pa. 442; Philadelphia Ball Club v. Philadelphia, 192 Pa. 632.

*Isaac E. Johnson* and *V. Gilpin Robinson,* for appellee, cited: Rudderow v. Philadelphia, 166 Pa. 241; Patten v. Railway Co., 33 Pa. 426.

Opinion by Porter, J., July 15, 1908:

The borough authorities were vested with a discretion to

open and grade Rockland avenue, and the record contains no
suggestion that there was any irregularity in the manner in
which they exercised the power conferred upon them by statute.
The avenue having been regularly opened and graded, the only
question to be determined in this proceeding was the effect
upon the market value of the plaintiff's property resulting
from the work as actually done. It was not material to inquire
what influences led the borough authorities to grade and pave
the street, and the first and second specifications of·error are
overruled.

The evidence admitted under the third specification of error
certainly did the defendant no harm, it amounted only to the
statement that the part of plaintiff's property between Glenrock
avenue and Grant street contained a frontage on Rockland
avenue of 185 feet, a fact which was undisputed and which
the plaintiff had already shown. This specification is dismissed.

The learned counsel for the plaintiff had throughout tried
his case upon the theory that the land in question was more
valuable for building than for farming purposes, and his wit-
nesses had testified to extravagant estimates of damage, which
from cross-examination had been shown to be based largely upon
what they had believed it would cost to fill up the land to the
grade of the street. The plaintiff had, notwithstanding the
objection of the defendant, introduced evidence as to what
would be the reasonable cost of grading per cubic yard. The
testimony introduced by the defendant, which is the subject
of the fourth specification of error, went only to show that
the filling up would be a useless expenditure of money, that
the part of the property which the witnesses of the plaintiff
thought ought to be filled up at an enormous expense was not
worth as much as before the grading of the street and would
not be worth as much after the filling as the witnesses for the
plaintiff had said it would cost to fill. This evidence was prop-
erly admitted as directly tending to show that the basis upon
which the witnesses of the plaintiff had placed their estimate
of the damages was altogether erroneous. The fourth specifi-
cation of error is overruled.

That the borough had not made provision for the erection of

a bridge over the railroad was an admitted fact in the case, and the refusal of the court to permit the plaintiff to re-prove that fact by the oral testimony of a particular witness did the defendant no harm. The witness Cockran had not in his examination in chief given any testimony relating to the bridge, and for the defendant to attempt to interrogate him upon that particular point was not within the line of proper cross-examination. The fifth and sixth specifications of error are without merit. The predecessor in title of the plaintiff had laid out this property in a plan of lots and streets, one of which was Rockland avenue, and had sold lots in accordance with that plan; there was no error in the admission of this plan in evidence. There was evidence that at least a part of Rockland avenue had been opened and actually used by the public, and that fact was properly submitted to the jury, under the conflicting evidence. The seventh, eighth, ninth, eleventh, thirteenth, fifteenth and seventeenth specifications of error are overruled.

The affirmance by the court of the fourth point submitted by the defendant, is the subject of the fourteenth specification of error. The point was in this language, viz.: "In considering the damages, the jury must take into consideration the benefits to be derived from the opening of Rockland avenue as a public highway, and thereby making communication practicable between the parts divided by the railroad." This point was affirmed without qualification. This ruling manifestly tended to mislead the jury, for the only effect which it could have had upon their minds was to lead them to the conclusion that in estimating the damages they must consider the improvement as having made "communication practicable" between the parts of the land divided by the railroad. The fact was directly the reverse of this; the only improvement which the evidence shows had been contemplated by the borough had been completed, and had resulted in two fragments of a highway with a chasm, over twenty feet deep through which the railroad passed, separating them. There was a theoretical highway and an active pedestrian who could climb down the embankment upon one side of the railroad and up that upon the other side, might have a right to walk across the railroad at grade,

but there was no continuous highway at the grade the borough had established. The borough had graded the highway up to the line of the railroad on each side, but it had taken no steps to join these broken fragments, and no bridge may ever be built. This being the case, it was error to affirm the point without qualification. The jury should have been instructed that they were to deal with the conditions actually existing and not with mere possibilities as to what might be done in the future. The fourteenth specification of error is sustained.

The judgment is reversed and a venire facias de novo awarded.